Filed 10/31/24  P. v. Soto CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ISIDRO PENA SOTO,<br><br>        Defendant and Appellant. | A170630<br><br>(Solano County<br>Super. Ct. No. FCR241319) |

In 2007, a jury convicted defendant Isidro Pena Soto of several crimes, including second degree murder, after he drove while under the influence of alcohol and caused a fatal crash.  He was sentenced to 19 years to life in prison, and this division affirmed the judgment after modifying it to strike certain lesser included offenses.  (*People v. Soto* (Sept. 29, 2009, A123133) [nonpub. opn.] (*Soto I*).)

Several years later, Soto filed a petition for resentencing under Penal Code[1] former section 1170.95, now section 1172.6, based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437).  This legislation amended sections 188 and 189 to limit vicarious liability for murder and created a procedure for those convicted under the

---

[1] All further statutory references are to the Penal Code.

previous law to seek resentencing. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

In 2022, we affirmed the trial court's denial of Soto's resentencing petition on the basis that he was ineligible for relief because he was convicted of second degree murder based on *People v. Watson* (1981) 30 Cal.3d 290 (*Watson*). (*People v. Soto* (Jun. 16, 2022, A163944) [nonpub. opn.] (*Soto II*).) Under *Watson*, a defendant who drives while intoxicated and kills someone may be convicted of second degree implied malice murder. (*Watson*, at pp. 300–301.) We held that Soto was ineligible for resentencing under former section 1170.95 as a matter of law because Senate Bill No. 1437 did not affect the concept of implied malice.

Soto now appeals from a trial court order denying his subsequent petition for resentencing under section 1172.6. His appointed appellate counsel filed a no-issues brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and we gave Soto notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *id.* at pp. 231–232.)

Soto filed a supplemental brief in which he makes several claims of trial error. He also claims the trial court abused its discretion by denying his resentencing petition and his appellate counsel rendered ineffective assistance by filing a *Delgadillo* brief. We are unable to consider his claims of trial error in this proceeding. And as we already held in *Soto II*, he is categorically ineligible for relief under section 1172.6, defeating his remaining claims. Therefore, we affirm.

# I.
## FACTUAL AND PROCEDURAL BACKGROUND[2]

" 'Kent Boone drove over the crest of an incline on Highway 12 in Solano County around 6:15 a.m. on March 31, 2007, and was met head on by a Ford Expedition driven by [Soto]. Boone died at the scene from blunt force injuries suffered in the collision.

" 'The accident was witnessed by [A.B.], who testified that he was driving east on Highway 12, a two-lane road with solid double lines in the middle, when he noticed [Soto's] vehicle in his rear view mirror approaching rapidly and swerving back and forth between the lanes. [A.B.] slowed and moved to the shoulder of the road to avoid [Soto], who passed by at a speed [A.B.] estimated to be 85 to 90 miles per hour. As [Soto] went up an incline, he drifted over into the westbound lane and collided with Boone's vehicle, which emerged going in the other direction.

" '[Soto] exhibited signs of being under the influence of alcohol, but field sobriety tests could not be administered because his leg was trapped under the dashboard of the Expedition. [Soto] was extricated from the vehicle and flown to a hospital, where a sample of his blood was drawn sometime between 9:27 and 9:55 a.m. that morning. Prosecution analysis of the blood sample found an alcohol content of .10 percent; defense analysis found .09 percent. The prosecution's expert estimated that [Soto] had a blood-alcohol content of .154 at the time of the accident; [Soto's] expert estimated .16.

" '[Soto] had completed an 18-month alcohol abuse treatment program three months before the accident. Records showed that he never missed a class in the program. The program counselor . . . testified that the main point of the treatment was to underscore the risks of driving under the influence. [The counselor] said that he told [Soto] 26 times face-to-face and 12 times in classes about the risk to life created by drunk driving,

---

[2] We quote the facts and procedural history involving Soto's conviction and direct appeal from *Soto II*, which drew them from *Soto I*.

and warned him that killing someone while driving under the influence could constitute murder. [Soto] signed a plea form in one of his prior drunk driving cases in which he acknowledged that "it is extremely dangerous to human life to drive while under the influence of alcohol or drugs, or both. If I continue to drive while under the influence of alcohol or drugs, or both, and as a result of that driving, someone is killed, I can be charged with murder." ' "

"Soto was tried in 2008. . . . The jury found him guilty of second degree murder, gross vehicular manslaughter while intoxicated, two lesser included offenses of gross vehicular manslaughter while intoxicated, and two drug-related offenses. [Fn. omitted.] It also found true that Soto had three prior convictions for driving with a blood-alcohol content of .08 percent or more. [Fn. omitted. ¶] The trial court sentenced [him] to 19 years to life in prison, composed of a term of 15 years to life for murder and four years for transportation of methamphetamine. Terms on the remaining counts were imposed and stayed. On appeal, this division struck the lesser included offenses of gross vehicular manslaughter while intoxicated and their accompanying enhancements and affirmed the judgment as modified."

In October 2021, Soto filed a petition for relief under former section 1170.95, averring that he was convicted of second degree murder under the natural and probable consequences doctrine and could no longer be convicted of that crime based on changes to the law made by Senate Bill No. 1437. The same day, the trial court summarily denied the petition without appointing counsel, explaining, " 'The Defendant was convicted of 2nd degree Murder based on *Watson* prior driving under the influence, under implied malice.' "

Soto appealed, initiating *Soto II*. He argued that (1) a defendant convicted of *Watson* murder is eligible for resentencing under Senate Bill No. 1437 and (2) the trial court erred by failing to appoint counsel for him

4

before denying his resentencing petition. In our opinion, we rejected his first claim and held that he was ineligible for resentencing as a matter of law. We also rejected his second claim, holding that although the court should have appointed counsel for him, the error was harmless because of his ineligibility for relief.

In January 2024, Soto submitted the resentencing petition at issue. He averred that the charging document "allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime," and that he "could not presently be convicted of murder . . . because of changes made [by Senate Bill No. 1437]."

The trial court appointed a public defender to represent Soto. The prosecution submitted a response to the resentencing petition in which it argued that the petition should be denied because Soto "was the actual killer in an implied malice [*Watson*] murder." Soto did not file a reply to the prosecution's response.

In April 2024, the trial court held a hearing on the resentencing petition. Soto's public defender submitted on the petition without argument, and the court denied the petition. The court did so on the same basis as it had before, that Soto was convicted on a still-valid theory of murder, implied malice under *Watson*. This appeal followed.

## II.
### DISCUSSION

Most of the claims Soto raises in his supplemental brief involve alleged errors at his trial. These include claims of evidentiary error, prosecutorial misconduct, and ineffective assistance of trial counsel. We cannot address such issues in this proceeding. "The mere filing of a [former] section 1170.95

petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. . . . 'The purpose of [the statute] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) None of these claims are relevant to whether the trial court erred by denying Soto's resentencing petition.

Soto also raises two claims that do relate to the ruling at issue. He argues that the trial court abused its discretion by denying the resentencing petition, but he does not clearly explain why. To the extent that he identifies particular legal errors, they relate to other statutes under which he did not seek relief. He also argues that his appellate counsel rendered ineffective assistance by filing a *Delgadillo* brief, but he again does not explain the basis for this claim. Thus, Soto fails to demonstrate any error in the denial of his petition under section 1172.6.

In any event, Soto is barred from raising these two claims based on the law of the case doctrine. We held in *Soto II* that he is categorically ineligible for relief under section 1172.6, which precludes him from now arguing that the trial court should have granted resentencing under that statute. (See *People v. Jurado* (2006) 38 Cal.4th 72, 94.) Even if he could raise these claims, we would again hold that the purported errors are necessarily harmless due to his ineligibility for relief. For the same reason, having exercised our discretion to review the record independently, we do not perceive any arguable issues. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

6

## III.
### DISPOSITION

The April 30, 2024 order denying Soto's petition for resentencing under section 1172.6. is affirmed.

_____

Humes, P. J.


WE CONCUR:




_____

Langhorne Wilson, J.




_____

Hill, J.*




     *Judge of the Superior Court of the County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Soto* A170630